IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES A. KIMES,

    Plaintiff,

v.                                                                                                  Civ. No. 18-1064 GBW

ANDREW SAUL,
*Commissioner of the*
*Social Security Administration*,

    Defendant.

## ORDER GRANTING ATTORNEY FEES

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to Equal Access to Justice Act. *Doc. 33*. Having reviewed the Motion and the attendant briefing (*docs. 35, 36*), the Court will GRANT the Motion.

**I.   BACKGROUND**

On November 15, 2018, Plaintiff filed suit in this Court, seeking reversal and remand of the decision by the Social Security Administration ("SSA") to deny Plaintiff Social Security Disability Insurance benefits. *Doc. 1*. Plaintiff raised several points of error by the Administrative Law Judge ("ALJ") who denied his application. *See generally doc. 17*. In pertinent part, Plaintiff argued that the ALJ erred by finding that (1) Plaintiff could return to past relevant work as a truck driver despite his limitation to six hours of sitting in an eight-hour workday, and (2) Plaintiff could perform work as an automobile detailer despite his limitation to occasional stooping. *Id.* at 21–23. In

response to these points, the Commissioner argued that the ALJ properly relied on the testimony of the vocational expert ("VE"), because the ALJ had included all of Plaintiff's limitations in his hypothetical questions to the VE and the VE had stated that his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). *Doc. 19* at 18–20.

On July 29, 2019, this Court denied remand, and Plaintiff timely appealed. *Docs. 22, 24.* The Tenth Circuit reversed and remanded. *Doc. 31-1.* Relying on *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), the Tenth Circuit found that the ALJ failed to make specific findings regarding how much sitting is required of work as a truck driver, as it is generally performed. *Id.* at 5–7. Additionally, citing *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999), the Tenth Circuit found that the ALJ failed to resolve a conflict between the VE's finding that Plaintiff could perform work as an automobile detailer and the DOT's explanation that such work requires frequent stooping. *Id.* at 7–8.

II.   **LEGAL STANDARDS**

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a plaintiff in a civil action against a United States agency may be awarded the cost of reasonable attorney fees if: (1) the plaintiff is the prevailing party; (2) the position of the agency was not substantially justified; and (3) there are no special circumstances that would make the award unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

The agency bears the burden of showing that its position was substantially justified. *Id.* "Substantially justified" means "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be substantially justified, there must be a "reasonable basis both in law and fact" for the agency's position. *Id.* at 564. Substantial justification may be found where the agency's "litigating position was *reasonable* even if *wrong*." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

If the Court awards attorney's fees, the burden falls on the party requesting attorney's fees to establish the reasonableness of both the hourly rate and the number of hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Ultimately, the amount of the attorney's fee to be awarded is a decision that lies within the Court's discretion. *See Pierce*, 487 U.S. at 571.

### III. ANALYSIS

Plaintiff's counsel seeks attorney fees in the amount of $15,084.55, for a total of 73.45 hours of work. *Doc. 33* at 2; *doc. 33-1*. In support of the request for EAJA fees, Plaintiff alleges that he is the prevailing party, his net worth is less than $2,000,000.00, and the SSA's position was not substantially justified. *Doc. 33* at 1. In response, the Commissioner does not contest the reasonableness of the amount of the requested award but argues that attorney fees should be denied entirely on the grounds that the SSA's position was substantially justified. *See generally doc. 35*.

### A. The ALJ's Decision Was Not Substantially Justified.

Whether the government's position was substantially justified is a single threshold determination, "encompass[ing] both the agency's prelitigation conduct and [the government's] subsequent litigation positions." *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990).  At the EAJA stage, a court must take a "fresh look" at the government's litigation position as well as the underlying conduct, regardless of the court's judgment on the merits.  *FEC v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986).  Fees under EAJA "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).[1]

The decision whether to award or deny EAJA fees is within the Court's discretion, "based upon what is fair in the circumstances and guided by the rules and principles of law."  *Madron*, 646 F.3d at 1257 (citing *Valley Forge Ins. Co. v. Health Care Mgmt.*, 616 F.3d 1086, 1096 (10th Cir. 2010)).  Where the applicable legal standards are "unclear or in flux," the government's position may be substantially justified, even if

---

[1] In certain circumstances, the government may "cure" unreasonable agency conduct by a reasonable position in subsequent civil litigation.  *Hackett*, 475 F.3d at 1173.  In social security cases, such a circumstance may arise where "the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (unpublished) (quoting *Groberg v. Astrue*, 505 F. App'x 763, 765–66 (10th Cir. 2012) (unpublished)).  Here, the Commissioner has not presented any argument that the ALJ's errors were cured by a reasonable litigation position.

4

the court has rejected it.  *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).  On the other hand, refusing to award EAJA fees may be an abuse of discretion where the agency's position was contrary to long-standing agency regulations and/or judicial precedent.  *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (unpublished) (reversing denial of fees following reversal of denial of remand); *Dorman v. Astrue*, 435 F. App'x 792 (10th Cir. 2011) (unpublished) (same).

Engaging in a "fresh look" at the agency's prelitigation conduct and litigation position, *Rose*, 806 F.2d at 1087, the Court finds that the ALJ's decision was not substantially justified under long-standing Tenth Circuit precedent.  It is true, as the Commissioner argues, *see doc. 35* at 5, that an "ALJ may rely on information supplied by the VE at step four."  *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003).  However, it is improper for the ALJ to make an RFC determination and then simply "delegate the remaining phases of the step four analysis to the [VE], because in such cases, 'the remainder of the step four assessment takes place in the VE's head' and 'we are left with nothing to review.'"  *Id.* (quoting *Winfrey*, 92 F.3d at 1025).  In practice, this means that the ALJ cannot uncritically accept the VE's testimony where it is unclear or inconsistent with the DOT.  *See Haddock*, 196 F.3d at 1091 (rejecting argument that "an ALJ may unreservedly accept a VE's testimony at step five even if it contradicts the Dictionary of Occupational Titles").  Rather, the ALJ must make further inquiries of the VE to resolve apparent conflicts.  *Id.*  The cases cited by the Commissioner in support of his position

uphold this rationale. *See doc.* 35 at 5; *Doyal*, 331 F.3d at 761 (10th Cir. 2003) (noting that an ALJ may not delegate the past relevant work analysis to the VE); *Bowman v. Astrue*, 511 F.3d 1270, 1273 (10th Cir. 2008) (finding error due to ALJ's failure to ask the VE or otherwise address how Plaintiff's limited use of her left hand might affect her ability to perform past relevant work); *Gorian v. Colvin*, 180 F. Supp. 3d 863, 874 (D.N.M. 2016) (distinguishing *Bowman* where the ALJ elicited testimony from the VE regarding "how Plaintiff's reaching limitation would affect his ability to work as an elevator inspector").

The ALJ's finding that Plaintiff was limited to sitting up to six hours in an eight-hour workday, *see* Administrative Record ("AR") at 262, appears at odds with work that consists almost entirely of driving, "usually long distances." *See* Dictionary of Occupational Titles, 904.383-010 Tractor-Trailer-Truck Driver, 1991 WL 687703 (4th ed. 1991).[2] In light of this apparent conflict, it was incumbent on the ALJ to make inquiries to the VE to understand how a claimant limited to six hours of sitting in a workday can engage in full-time work as a truck driver. The ALJ also found that Plaintiff was limited to occasional stooping, AR at 262, but the VE found that Plaintiff could perform work as an automobile detailer, which requires frequent stooping. AR at 268; *see* Dictionary of Occupational Titles, 915.687-034 Automobile Detailer, 1991 WL 687878 (4th ed. 1991). Pursuant to Social Security Ruling 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000), it was error for the ALJ to adopt the VE's conflicting finding without further inquiry. Based

---

[2] The DOT does not quantify the amount of sitting required for any position.

6

on these inadequacies in the ALJ's questioning of the VE, the Tenth Circuit found that the ALJ erred at steps four and five as to the work Plaintiff could perform. *Doc. 31-1* at 6–8. Furthermore, the Tenth Circuit suggested that the ALJ's RFC determination also may have been inadequate. *Id.* at 6 n.3, 8–10.

This Court will not dig in its heels and hold to a position that the appellate court has squarely rejected, and neither should the Commissioner. Although this Court was persuaded by the Commissioner's arguments in response to Plaintiff's motion to remand, the Court now concludes that the ALJ's position was not substantially justified. *See Dorman*, 435 F. App'x at 796 ("The Commissioner's position must generally be substantially justified at *both* the administrative and litigation levels."). The Commissioner has not carried his burden of establishing that the ALJ's position was substantially justified. Absent any basis to find that the Commissioner's position in litigation "cured" the ALJ's errors, *see id.*; *see also supra* n.1, the Court concludes that EAJA fees are merited.

### B. The Requested Fee Amount Is the Product of Reasonable Hours at a Reasonable Rate.

Although the Commissioner has not objected to the amount of the requested fee, the Court exercises its own discretion to consider whether the amount is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate." *Hensley*, 461 U.S. at 433. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* at 435.

Plaintiff's counsel has supplied an affidavit detailing the hourly rate and the hours expended in this matter. *Doc. 33-1*. The requested fee of $15,084.55 represents a total of 73.45 hours of work billed at a rate of $202.00 per hour in 2018, $205.00 per hour in 2019, and $207.00 per hour in 2020. *Doc. 33* at 2; *doc. 33-1*. Plaintiff's counsel attests (and the Commissioner does not dispute) that these hourly rates were calculated by the Commissioner based on the statutory cap with a cost-of-living adjustment. *See doc. 33-1* at 1. The Court therefore finds these hourly rates reasonable.

The hours billed also appear reasonable. Plaintiff's counsel devoted 26 hours to representation before this Court (including .75 hours expended on the instant motion). *Id.* at 1–3, 5. This is well within the average range for a Social Security appeal. *See Martinez v. Colvin*, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (unpublished) ("Courts have held the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours."). Plaintiff's counsel devoted 47.45 hours to representation before the Tenth Circuit Court of Appeals. *Doc. 33-1* at 3–5. The greater number of hours spent on an appellate brief as compared to a district court brief is not unreasonable. *See Weakley v. Bowen*, 803 F.2d 575, 579–80 (10th Cir. 1986) (approving 56 hours spent at appellate level). Additionally, counsel's records demonstrate that the bulk of her time was spent on substantive legal analysis and she

8

did not charge for clerical tasks. *Doc. 33-1* at 3–5. In sum, the reported hours are reasonable and fully recoverable.

### IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to Equal Access to Justice Act (*doc. 33*) is GRANTED and Plaintiff is awarded $15,084.55 in attorney's fees under the EAJA. *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley*, 803 F.2d at 580.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**